Tirso ROJAS, Petitioner,

v.

ERIC H. HOLDER JR., United States Attorney General, Respondent.

No. 08–74965.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2010.

Filed April 23, 2010.

Tirso Rojas, Lake Elsinore, CA, pro se.

Anne R. Traum, Esquire, Unlv William S. Boyd School of Law, Las Vegas, NV, for Petitioner.

Oil, Paul Cygnarowicz, Daniel Eric Goldman, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN,* District Judge.

---

* The Honorable Frederick J. Scullin, Jr., Senior United States District Judge for the Northern District of New York, sitting by designation.

MEMORANDUM **

Tirso Rojas petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's decision finding him removable and denying his motion to terminate proceedings.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal and under 8 U.S.C. § 1252(a)(2)(D) to review constitutional and legal questions that petitioners, who are removable because of criminal activity, raise.

Furthermore, although we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we have jurisdiction to determine whether an offense constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) because that is a question of law. *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1225 (9th Cir.2008) (citing *Morales–Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir.2006) (stating that whether an offense constitutes an "aggravated felony" under § 1101(a)(43)(F) is a question of law)).

Rojas was convicted of attempted kidnaping in violation of California Penal Code §§ 207(a), 664. The BIA held that these convictions constituted an aggravated felony crime of violence under § 1101(a)(43)(F). We review *de novo*.

Recently, in *Delgado–Hernandez v. Holder*, 582 F.3d 930, 932 (9th Cir.2009) (per curiam), we held that attempted kidnaping under California Penal Code § 207(a) is a crime of violence under 18 U.S.C. § 16(b) and thus an aggravated felony under § 1101(a)(43)(F).[1]

*Delgado–Hernandez* is dispositive of the issues that Rojas raises in this case and dictates a holding that Rojas' convictions for attempted kidnaping constitute an aggravated felony under § 1101(a)(43)(F). Therefore, we do not have jurisdiction to review the BIA's final order of removal. 8 U.S.C. § 1252(a)(2)(C).

For these reasons, we DENY the petition for review.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. At oral argument, Rojas' counsel acknowledged that *Delgado–Hernandez* is indistinguishable from this case.